1

2

3

4

5        **IN THE UNITED STATES DISTRICT COURT**

6        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    DEIDRA R. JOHNSON,                              CASE NO. CV-F-08-1387-LJO-SMS

9              Plaintiff,                            **ORDER ON DEFENDANT'S MOTION TO**
                                                     **DISMISS** (Doc. 3)
10

11        v.

12   UNITED POSTAL SERVICES,

13              Defendant.

14   _____/

15        By notice on September 23, 2008, defendant United States Postal Service ("Postal Service")

16   moves to dismiss pro se plaintiff Deidre Johnson's ("Ms. Johnson's") complaint for lack of subject

17   matter jurisdiction, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1).  The Postal Service argues that the

18   United States has not waived its sovereign immunity over Ms. Johnson's claims because: (1) Ms.

19   Johnson failed to exhaust her administrative remedies, in violation of the Federal Tort Claims Act, 28

20   U.S.C. §1346(b) ("FTCA"); and (2) Ms. Johnson's claims "arising out of the loss, miscarriage, or

21   negligent transmission of letters or postal matter" are specifically excluded in the FTCA, 28 U.S.C.

22   §2680(b).  Ms. Johnson did not oppose this motion.  The Postal Service filed a response on October 15,

23   2008.  The Court finds this motion suitable for decision without a hearing and, pursuant to Local Rule

24   78-230(h), vacates the October 28, 2008 hearing.[1]  For the following reasons, this Court DISMISSES

25   this action with prejudice.

26   _____

27        [1]Ms. Johnson was advised by the September 23, 2008 notice of this motion that failure to oppose this motion may
     be construed as non-opposition or withdrawal of the motion, and may be cause for sanctions.  Additionally, no party is
     "entitled to be heard in opposition to a motion...if opposition to the motion has not been timely filed."  Local Rule 78-230(c).

28   Having failed to oppose this motion, Ms. Johnson is not entitled to appear at the October 28, 2008 hearing.

1
## Background

2       Ms. Johnson initiated this action on June 17, 2008 by filing a civil complaint in the State of

3 California, County of Fresno Superior Court.  Ms. Johnson alleges that the Postal Service lost certified

4 mail and committed fraud.[2]  The Postal Service removed the action to this Court on September 16, 2008,

5 and moved to dismiss Ms. Johnson's complaint on September 23, 2008.

6
## Standard of Review

7       The Postal Service contends that this Court lacks jurisdiction over Ms. Johnson's claims,

8 pursuant to Rule12(b)(1).  In considering a motion to dismiss for lack of subject matter jurisdiction, the

9 plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing

10 subject matter jurisdiction. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th

11 Cir. 2001).  The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.

12 *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

13       The court must also consider whether the motion to dismiss is "facial, confining the inquiry to

14 allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v.*

15 *Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227

16 F.3d 1214, 1242 (9th Cir. 2000).  In the facial attack, a party challenges subject matter jurisdiction by

17 asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction.

18 *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In this case, the court must

19 consider the allegations of the complaint as true.  *See Thornhill Publishing Company, Inc. v. General*

20 *Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979).  In a factual challenge, the truth of the

21 allegations, which would otherwise invoke subject matter jurisdiction, is challenged.   In this

22 circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence,

23 such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."

24 *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

25
## Sovereign Immunity

26       "[T]he United States may not be sued without its consent and [] the existence of such consent

27

28       [2]The entire allegation reads:  "United Postal Service lost certifide [sic] mail and the [sic] left with out [sic] signature–and tryed [sic] to cover up there [sic] mistake (frauding) 10 pages-11 pages."

2

1   is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983).  Evidence of the

2   United States' consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544

3   (9th Cir. 1998).  The United States' consent to suit defines the jurisdiction of the court to hear an action

4   against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

5          Here, the applicable jurisdictional statute is the FTCA, 28 U.S.C. §1346(b).  "The FTCA is the

6   exclusive remedy for tortious conduct by the United States." *Federal Deposit Ins. Corp. v. Craft*, 157

7   F.3d 697, 716 (9th Cir. 1998); 28 U.S.C. §2679.  *See also, Taylor v. Administrator of Small Bus.*

8   *Admin.*, 722 F.2d 105 (5th Cir. 1983) (allegations of fraud against the United States, sounded in tort, are

9   exclusively cognizable under the FTCA, and subject to all of the FTCA's limitations and safeguards).

10                                      **No Waiver of Sovereign Immunity**

11         Although the Federal Tort Claims Act "grants a waiver of sovereign immunity in certain cases

12  under 28 U.S.C. §1346(b)... the United States retains sovereign immunity over claims 'arising out of the

13  loss, miscarriage, or negligent transmission of letters or postal matter.'" *Anderson v. U.S. Postal Service*,

14  761 F.2d 527, 528 (9th Cir. 1985) (quoting 28 U.S.C. §2860(b)).  "Claims for the loss, misdelivery or

15  negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's

16  waiver of sovereign immunity." *Pruitt v. U.S. Postal Service*, 817 F.Supp. 807 (E.D. Mo. 1993).

17  Accordingly, Ms. Johnson's claims, based on the allegations that the Postal Service lost her certified

18  mail and left mail without requiring a signature, are barred by sovereign immunity.

19                                            **Failure to Exhaust**

20         This Court lacks jurisdiction over Ms. Johnson's claim of fraud against the Postal Service,

21  because Ms. Johnson failed to exhaust her administrative remedies.  To assert a claim against the Postal

22  Service based on the FTCA,  Ms. Johnson is required to first file an administrative tort claim. 28 U.S.C.

23  2675(a).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their

24  administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).  The Postal Service produces a

25  declaration from Gwendolyn E. Murray, a United States Postal Service Tort Claims Examiner.  In the

26  declaration, Ms. Murray writes that although she searched all Postal Service records of administrative

27  tort claims, she found no claims filed by Ms. Johnson.  Ms. Johnson does not allege, and does not

28  produce any evidence, that she filed an administrative claim.  Thus, Ms. Johnson does not satisfy her

3

1   burden of proving subject matter jurisdiction.  Accordingly, Ms. Johnson's claims are dismissed.

2   **Futility of Amendment**

3   Ms. Johnson is precluded from pursuing claims arising out of lost mails, 28 U.S.C. §2860(b),

4   and Ms. Johnson failed to exhaust her administrative remedies, as required by 28 U.S.C. §2675(a).

5   Based on the facts alleged, Ms. Johnson cannot amend her complaint to demonstrate jurisdiction.

6   Accordingly, amendment would be futile and dismissal with prejudice is warranted. *Yakama Indian*

7   *Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (1999).

8   **Conclusion**

9   For the foregoing reasons, this Court:

10   1.   DISMISSES this action with prejudice;

11   2.   VACATES the October 28, 2008 motion hearing; and

12   3.   DIRECTS the clerk to close this action.

13

14   Dated: October 15, 2008                    /s/ Lawrence J. O'Neill

15                                              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

4